UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WILLIAM GEORGES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:07CV01463 ERW |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Petitioner William Georges' Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [doc. #1].

**I. BACKGROUND**

On March 23, 2006, Petitioner William Georges ("Petitioner"), entered into a Plea Agreement, and pleaded guilty before this Court to one count of possession of counterfeit Federal Reserve Notes, in violation of 18 U.S.C. § 472. Pursuant to the Plea Agreement, the Government dismissed all remaining charges against Petitioner.

In the plea agreement, the parties recommended an offense level of 14, based on the application of United States Sentencing Guidelines ("U.S.S.G.") § 2B5.1. The Pre-sentence Report concurred, and recommended an offense level of 14 and a criminal history category of IV, resulting in a proposed sentence of 27-33 months. This Court adopted the findings of the Presentence Report and sentenced Petitioner to a term of 30 months imprisonment, and two years of supervised release.

1

Petitioner filed a motion under 28 U.S.C. § 2255 on August 16, 2007, seeking a reduction of his sentence on the basis that his counsel was ineffective for failing to argue for a lower sentence based on the applicable sentencing guidelines. A case management order was entered on August 20, 2007, and briefing on Petitioner's motion was completed on November 15, 2007. However, the Court notes that Petitioner was released from the custody of the bureau of prisons on August 31, 2007, and is currently serving a two year term of supervised release. This raises the question of whether Petitioner's motion under § 2255 is moot as a result of his release, or whether the relief sought may still be granted.

## II. DISCUSSION

Petitioner claims that he was sentenced under the incorrect sentencing guideline. Specifically, the Petitioner argues that he should have been sentenced under the provision applicable to altering federal currency, and not counterfeiting.[1] However, the Petitioner is no longer in federal custody, and therefore, before the Court addresses the substantive claims of Petitioner's motion, the Court will first address whether the claim is moot.

The Supreme Court in *Spencer v. Kemna*, held that a petition for habeas relief is not automatically mooted as a result of the petitioner's release, as long as the petitioner was in custody at the time his petition was filed. 523 U.S. 1, 7 (1998) ("The District Court's conclusion that Spencer's release from prison caused his petition to be moot because it no longer satisfied the 'in custody' requirement of the habeas statute was in error. Spencer was incarcerated . . . at the time the petition was filed . . . ."). The Supreme Court focused its analysis on whether the case

---

[1]The Petitioner was charged, and pleaded guilty, under 18 U.S.C. § 472 to counterfeiting federal reserve notes. The punishment provided by the United States Sentencing Guidelines ("U.S.S.G") is lower for altering a legal instrument than for manufacturing new notes. U.S.S.G. §§ 2B1.1 & 2B5.1. Therefore, Petitioner argues that his sentence should be reduced in accordance with the lower sentencing range under U.S.S.G. § 2B1.1.

2

was moot because it no longer presented a case or controversy redressable by a favorable judicial decision; the Supreme Court applied the standard mootness analysis. *Id.* (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990)). The Supreme Court held that "[a]n incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction. Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole-some 'collateral consequence' of the conviction-must exist if the suit is to be maintained." *Id*.

In a later opinion, the Supreme Court discussed whether a continuing term of supervised release, that but for the incorrect term of imprisonment, would be completed on an earlier date, constitutes a collateral consequence such that a redressable injury exists. *United States v. Johnson*, 529 U.S. 53. The Supreme Court specifically addressed "whether a term of supervised release begins on the date of actual release from incarceration or on an earlier date due to a mistaken interpretation of federal law . . . ." 529 U.S. 53, 56 (2000). The Supreme Court concluded that the statutory language mandates a finding that "a supervised release term does not commence until an individual 'is released from imprisonment.'" *Id*. at 57 (quoting 18 U.S.C. § 3583(a)); *see also Hohn v. United States*, 262 F.3d 811, 817 (8th Cir. 2001). In reaching the conclusion that a term of supervised release cannot be reduced to reflect an excess amount of time in prison, the Supreme Court found that "[t]he objectives of supervised release would be unfulfilled if excess prison time were to offset and reduce terms of supervised release." *Id.* at 59.

In the present case, Petitioner is not challenging the legality of his conviction, he pleaded guilty to possession of counterfeit federal reserve notes in violation of 18 U.S.C. § 472, rather, he

3

challenges the propriety of the sentence that was given, based on the circumstances of the way the crime was committed. In accordance with *Spencer*, it is clear that this Court cannot redress Petitioner's claim that his prison term should be reduced, as he has already been released from imprisonment. 523 U.S. at 7; *See also James v. Outlaw*, 142 Fed.Appx. 274, 275 (8th Cir. 2005) ("[W]e conclude that this case is moot: James was released from prison while the appeal was pending, return of the good-time credits at issue would have no effect on his current term of supervised release, and at this time we see no collateral consequences from the challenged disciplinary action.").

Furthermore, it is clear under the Supreme Court's holding in *Johnson*, that any excess prison term cannot serve to reduce Petitioner's term of supervised release; however, the Court must also address whether a sentence under U.S.S.G. 2B1.1 would have resulted in a lesser term of supervised release. 18 U.S.C. § 3583 states that "[t]he court, in imposing a sentence to a term of imprisonment for a felony or a misdemeanor, may include as a part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment . . . ." 18 U.S.C. § 3583(a). The statute further provides that "except as otherwise provided, the authorized terms of supervised release are --. . . (2) for a Class C or Class D felony, not more than three years . . . ." 18 U.S.C. § 3583(b)(2). Violation of 18 U.S.C. § 472, for "uttering counterfeit obligations or securities," the crime which Petitioner pleaded guilty to, is a Class C felony. Therefore, the Court was authorized to impose a term of supervised release of not more than three year, regardless of whether the Petitioner was sentenced under U.S.S.G. § 2B1.1 or § 2B5.1. The Court concludes that a sentence under U.S.S.G. 2B1.1 would have resulted in the same term of supervised release that Petitioner received under the judgment, and therefore no further relief can be given to the Petitioner.

**III. CONCLUSION**

The Court concludes that Petitioner's motion to vacate, set aside, or correct his sentence is moot, due to Petitioner's release from federal custody. The term of supervised release that Petitioner is currently serving, is the same as the term applicable under U.S.S.G. 2B1.1, and therefore, Petitioner cannot show a redressable injury, sufficient to satisfy the jurisdictional requirements of this Court.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [doc. #1] is **DENIED as moot**.

**IT IS FURTHER ORDERED** that the Court shall not issue a certificate of appealability as to any claim raised in Petitioner's § 2255 Petition.

Dated this 8th Day of May, 2008.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE